NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| SHARON F. MEACLE, | Civ. Docket No. 05-3073 (FSH) |
| Plaintiff, | OPINION |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., et.al. | October 26, 2005 |
| Defendants. | |

**HOCHBERG, District Judge**

This matter comes before the Court upon the Plaintiff's Motion to Remand this matter to the Superior Court of the State of New Jersey, Middlesex County, where Plaintiff initially filed her Complaint.[1] The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78, and for the reasons stated below, remands this case to the Superior Court of New Jersey, Middlesex County.

**Factual Background:**

Plaintiff alleges that on or about October 7, 2004, she was involuntarily terminated as an employee of Horizon Blue Cross Blue Shield of New Jersey. Pl.'s Compl. at 2. At the time of her termination, Plaintiff was fifty-four and a half years old and had worked for the Defendants for over

---

[1] On May 5, 2005, Plaintiff filed a complaint in the New Jersey Superior Court, Middlesex County, alleging wrongful termination in violation of the New Jersey Law Against Discrimination and common law defamation. On June 15, 2005, Defendants filed a Notice of Removal in this Court under 29 U.S.C. §§ 1441, 1446. On July 11, 2005, Plaintiff moved to remand the case back to the Superior Court, pursuant to 29 U.S.C. § 1447(c).

fourteen years. Id.  Plaintiff contends that Defendants wrongfully terminated her in violation of the New Jersey Law Against Discrimination, which makes it unlawful for an employer to discriminate on the basis of age by discharging an employee or requiring an employee to retire when such termination is not justified by lawful considerations other than age.  See N.J.S.A. § 10:5-12.  Specifically, Plaintiff claims that she "was wrongfully terminated without cause and without warning at a time in such close proximity to her retirement benefits eligibility, in violation of N.J.S.A. 10:5-12, Unlawful Employment Practices, which explicitly relates to age discrimination."  Pl.'s Compl. at 3.

Plaintiff seeks to recover, in addition to other damages and injunctive relief, the "cash value of any and all retirement benefits to which plaintiff would have been entitled to date and for their projected value as would ordinarily and customarily be calculated by Horizon with adjustments for inflation to age sixty-six (66)."  Pl.'s Compl. at 3-4.

Defendants removed the action to this Court on June 15, 2005, citing Employee Retirement Income Security Act ("ERISA") Section 502(e)(1), 29 U.S.C. § 1132(e)(1), as the basis for federal subject matter jurisdiction.  Defendants argue in their response to Plaintiff's Motion to Remand that ERISA Section 502(a), together with the specific prohibition against wrongful discharge contained in Section 510 of ERISA, completely preempts Plaintiff's age discrimination claim.

**Legal Standard:**

Under the federal removal statute, any civil action brought in state court over which the federal district courts have jurisdiction may be removed by the defendant to federal court.  28 U.S.C. § 1441(a).  As such, a state court defendant may remove any civil action founded on a claim or right that arises under federal law.  28 U.S.C. § 1441(b).  However, under the "well-pleaded complaint" rule, "the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face,

2

affirmatively allege a federal claim." Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d Cir. 2004); see also Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Ca., 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.").

The Supreme Court has identified a narrow class of cases where the well-pleaded complaint rule does not apply. Under the doctrine of "complete preemption," a plaintiff's complaint *may* be removed to federal court, even when it does not state a federal claim on its face, if it raises claims in an area where federal law completely preempts state law. Pasack, 388 F.3d at 399. Where federal law occupies an entire field of regulatory interest, a plaintiff's claims that fall within that field of interest, no matter how they are stated in the complaint, must be recharacterized as stating a federal cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) ("When a federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."). ERISA is one such statute that may completely preempt a plaintiff's state law claim.

Two sections of ERISA are implicated in the complete preemption analysis here. First is Section 502(a) of ERISA, which empowers beneficiaries to recover benefits due to them under the terms of their plans, to enforce their rights under the terms of the plans, or to clarify their rights to future benefits under the terms of the plans. 29 U.S.C. § 1132. It also empowers beneficiaries and participants to enjoin any act or practice which violates any provision of Section 502 or the terms of their ERISA plans, or to obtain other appropriate equitable relief. Id. Section 502(a) is the exclusive remedy for rights guaranteed under ERISA, including those provided by section 510. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990). Causes of action that purport to raise only state law

3

claims, but which fall within the scope of the civil enforcement provisions of Section 502, are necessarily federal in character and removable to federal court by virtue of the clearly manifested intent of Congress. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66-67 (1987).

Second is Section 510 of ERISA, which makes it unlawful for any person to discharge or discriminate against a participant or beneficiary of an ERISA plan for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. 29 U.S.C. § 1140. According to the Supreme Court, "[b]y its terms, § 510 protects plan participants from termination motivated by an employer's desire to prevent a pension from vesting." Ingersoll-Rand, 498 U.S. at 143.

Because the party seeking removal to federal court must establish federal subject-matter jurisdiction by a preponderance of the evidence, Defendants here bear the burden of proving that Plaintiff's claim is truly an ERISA claim. Pasack, 388 F.3d at 401-402.

**Analysis:**

Defendants contend that the first count of Plaintiff's complaint "alleges *specifically* that Horizon terminated her employment to prevent her from obtaining retirement benefits." Def.'s Opp'n Br. at 2 (emphasis added). If this were the case, Plaintiff's age discrimination claim might indeed be preempted under ERISA § 510, which provides a cause of action for precisely the violation that Defendant describes. However, Defendants' reading of the complaint stretches Plaintiff's words and adds meaning to them that is not apparent on the face of the complaint.

Plaintiff alleges that she "was wrongfully terminated without cause and without warning at a time in such close proximity to her retirement benefits eligibility, in violation of N.J.S.A. 10:5-12, Unlawful Employment Practices, which explicitly relates to age discrimination." Pl.'s Compl. at 3.

Plaintiff also alleges that she was terminated when she was fifty-four and a half years old, and that she would have become eligible for retirement with benefits within four months of her termination. Id. at 2. She does not explicitly allege, as she must in order to recover under § 510, that Horizon was motivated by its desire to interfere with her pension rights when it terminated her employment. See Gravalik v. Continental Can Co., 812 F.2d 834, 851 (3d Cir. 1987) (plaintiff must demonstrate that defendant had the "specific intent" to keep plaintiff from obtaining vested pension rights in order to recover under § 510). Instead, Plaintiff offers facts about her termination, including its timing and her age, that could be interpreted to allege a prima facie case of age discrimination. See Marzano v. Computer Sci. Corp., 91 F.3d 497, 507-08 (3d Cir. 1996) (recognizing that plaintiff may prove employer's motivation through indirect evidence, by process of elimination, because direct proof of discriminatory intent may not always be available).

It is true that this Court "may look beyond the face of a complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 274 (3d Cir. 2001). However, Defendants still bear the burden of proving that Plaintiff's claim is truly a federal ERISA claim in state-law clothing. See Pasack, 388 F.3d at 401-402. Defendants have simply not met their burden of proving that their reading of Plaintiff's complaint is correct.

Furthermore, case law from other circuits suggests that Plaintiff's claim should not be construed as an ERISA claim. The Sixth Circuit has noted that "in a wrongful discharge claim where plaintiff's incidental damages award merely includes a loss of benefits under an ERISA-based plan, the state claim is not preempted." Peters v. Lincoln Elec. Co., 285 F.3d 456, 469 (6th Cir. 2002). In Peters, the plaintiff sued his former employer, Lincoln Electric, in state court, alleging that by

5

"forcing" him into early retirement, Lincoln had discriminated against plaintiff because of his age. Id. at 464. Although Peters's complaint made no mention of ERISA, it alleged that Lincoln breached certain unspecified promises and representations to Peters, resulting in damages. Id. at 465. Lincoln removed the case after Peters testified, in his deposition, that he was suing Lincoln in part because the company had breached a promise to continue his participation in its Supplemental Executive Retirement Plan. Id. at 466-67. The Sixth Circuit affirmed the removal, finding that Peters's claim was, in essence, for recovery of an ERISA plan benefit and thus sought to clarify his rights to future benefits under the terms of his retirement plan, pursuant to § 502(a). Id. at 468-69. The Court distinguished Peters's claim from one where the damages related only peripherally to an ERISA plan. Id. at 469.[2]

Other courts agree with this distinction. See, e.g., Sears v. Chrysler Corp., 884 F. Supp. 1125, 1131 (E.D. Mich. 1995) (no ERISA preemption where plaintiff sought *the value of benefits* she would have received had she continued to work for former employer because although reference to plan terms might be necessary to determine amount of losses there was no dispute about the terms themselves); see also Gravalik, 812 F.2d at 851 (proof of incidental loss of benefits as a result of a termination does not constitute ERISA violation).

Plaintiff here does not allege that Horizon intended to terminate her in order to deprive her of retirement benefits, which places Plaintiff's case in the category of claims where the loss of benefits is a mere consequence of termination. Because Plaintiff seeks the "cash value of any and all retirement

---

[2] If Plaintiff's future deposition testimony reveals that her claim does fall within the preemptive scope of ERISA (for example, if Plaintiff articulates that Horizon had the specific intent to keep her from obtaining vested pension rights when it terminated her) Defendants will then be free to remove this case to federal court.

benefits to which [she] would have been entitled" and her claim does not relate to the essence of the retirement plan itself, Plaintiff's complaint is not preempted by ERISA.  Were this Court to accept Defendant's argument that ERISA preempts any age discrimination complaint seeking the value of plaintiff's retirement benefits as an element of damages, it would lead to the removal of nearly all age discrimination cases under state law.  The preemptive scope of ERISA, although broad, does not permit such wholesale removal of state-law discrimination claims.

**Conclusion:**

After weighing the parties' arguments, the Court concludes that remand of this action is appropriate.  Plaintiff's Motion to Remand is granted, and this case is remanded to the Superior Court of New Jersey, Middlesex County.[3]  An appropriate order will follow.


/s/  Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[3] Because the Court has determined that it lacks subject matter jurisdiction over Plaintiff's case, it does not reach Defendant's Cross-Motion to Dismiss Plaintiff's Complaint, filed in response to Plaintiff's Motion to Remand.